STATE OF MAINE

*vs.*

INTOXICATING LIQUORS,

MAINE CENTRAL RAILROAD COMPANY, Claimant.

Piscataquis.    Opinion December 11, 1908.

*Intoxicating Liquors. Interstate Commerce. Adulterated Liquors. Police Power.*
*"Pure Food Law." U. S. Statute, chapter 3915, approved June 30, 1906.*

1. By the Act of Congress known as "The Pure Food Law," approved June 30, 1906, misbranded and adulterated intoxicating liquors are forbidden transportation into any State from another State or foreign country, and hence are removed from the protection of the "Commerce Clause" of the Federal Constitution.

2. Such liquors brought into the State in violation of the Act of Congress become subject to the police power of the State immediately upon arrival within its territory and can be seized under such power before delivery to a consignee.

On exceptions by claimant.    Overruled.

Search and seizure process issued by the Municipal Court of Dover, Piscataquis County, whereby certain intoxicating liquors, shipped from Boston, Massachusetts, and consigned to Henry N. Bartley, Greenville Junction, Piscataquis County, Maine, were seized at Foxcroft, in said county, while in the possession of the Maine Central Railroad Company, a common carrier.

The liquors seized were as follows:    "Two kegs containing twenty gallons of ale, one keg containing thirty gallons of gin, one barrel containing seventy-two quarts of gin, thirty-six quart bottles of Manhattan cocktail, one barrel containing seventy-one quart bottles of whiskey, one barrel containing seventy-two quart bottles of whiskey, one barrel containing seventy quart bottles of whiskey, one barrel containing thirty-six quart bottles of rum, one barrel containing thirty-six quart bottles of brandy, one barrel containing fifty gallons of whiskey, and one keg containing twenty gallons of whiskey."

At the hearing before the Municipal Court the Maine Central Railroad Company duly appeared and claimed the liquors. The Municipal Court declared the liquors forfeited and thereupon the claimant company appealed to the Supreme Judicial Court, in said county, January term, 1908. The case was then heard before the presiding Justice at said term of said Supreme Judicial Court, upon the following agreed statement of facts:

"The car containing the liquors arrived at Foxcroft, Maine, on the morning of the nineteenth day of September, A. D. 1907, and on the same day, before the said car was transferred from the tracks of the Maine Central Railroad to the tracks of the Bangor and Aroostook Railroad, the liquors were seized by the officers, while in said car. The warrant was duly and properly issued and served, the liquors were properly libelled, and the claimant duly appeared and became a party. It is admitted that Professor Ora W. Knight of Bangor, Maine, an expert chemist, will testify that all of the whiskey is either misbranded or adulterated or both under the provisions of the United States Pure Food Law, Act of June 30, A. D. 1906; that all the rum is misbranded under the provisions of said act; that the brandy is both adulterated and misbranded under the provisions of said act. That all other of said seized liquors comply with said act.

"It is further admitted that all said goods were billed as crockery; and that said liquors were intended for unlawful sale in the State of Maine."

The presiding Justice "ordered and decreed that two kegs containing twenty gallons of ale, one keg containing thirty gallons of gin, one barrel containing seventy-two quarts of gin, and thirty-six quart bottles of Manhattan cocktail, be returned by the officers to the said claimant forthwith." The presiding Justice further ordered and decreed "that the remaining liquors and the vessels in which they were contained," to wit: "One barrel containing seventy-two quart bottles of whiskey, one barrel containing seventy-one quart bottles of whiskey, one barrel containing seventy quart bottles of whiskey, one barrel containing thirty-six quart bottles of rum, one barrel containing thirty-six quart bottles of brandy, one

barrel containing fifty gallons of whiskey, one keg containing twenty gallons of whiskey, be declared forfeited, and that the same be turned over to the sheriff of said Piscataquis County to be disposed of by him in accordance with the law."

To the ruling declaring a forfeiture of the liquors last above enumerated, the Maine Central Railroad Company excepted.

The United States "Pure Food Law," approved June 30, 1906, entitled "An Act for preventing the manufacture, sale, or transportation of adulterated or misbranded or poisonous or deleterious foods, drugs, medicines, and liquors, and for regulating traffic therein, and for other purposes," is chapter 3915 of the "Statutes of the United States of America passed at the first session of the Fifty-ninth Congress, 1905-1906."

The case appears in the opinion.

*W. A. Burgess,* County Attorney, *and C. W. Hayes,* for the State.

*Forrest Goodwin,* for Maine Central Railroad Company, Claimant.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, C. J. The intoxicating liquors in question, the rum, whiskey and brandy, were seized in this State in the car of the claimant railroad company while in transit from another State to a consignee in this State. It is admitted they were intended for unlawful sale in this State. The claimant contends that having been seized while in such transit they are protected from forfeiture and even seizure under the State law by "the commerce clause" of the constitution of the United States.

It appears from the evidence, however, that in addition to being intoxicating and intended for unlawful sale in this State, the liquors were misbranded, or adulterated or both, within the meaning of the United States "Pure Food Law" approved June 30, 1906. That act of Congress prohibits the introduction into any State from another State or country of any liquors misbranded or adulterated within the meaning of the act, and provides that if so transported

from one State to another, they shall be liable to seizure and confiscation by the United States and shall not be sold in any jurisdiction contrary to the law of that jurisdiction. By this statute, Congress has in effect enacted that adulterated or misbranded liquors shall not be lawful articles of commerce between the States or with foreign nations. As to such liquors, the statute removes the federal barrier to the operation of the police power of the State upon them. Having been brought into the State in violation of the act of Congress, they became subject to the laws of the State the moment they came within its limits.

The claimant urges that only the United States can enforce the act of Congress; that the act does not confer upon the States the power to seize and confiscate such liquors. This process is not to enforce the act of Congress, but only to enforce the laws of the State. The proceeding is not under the act of Congress, but under the statutes of the State. Granting that the act of Congress does not confer any new power upon the State, it removes the federal barriers to the exercise of the powers conferred upon the State by its own people.

The judgment of forfeiture rendered by the presiding Justice was right and the exceptions to his decision must be overruled.

*Exceptions overruled.*